IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISON

JP MORGAN CHASE BANK, N.A.,

    Plaintiff,

vs.

LINDA HAUN, et al.,

    Defendants.

Case No. 6:20-cv-00390-AA
**OPINION AND ORDER**

AIKEN, District Judge:

On March 9, 2020, defendant filed a pro se Notice of Removal (doc. 1) under 28 U.S.C. § 1446, seeking to remove a foreclosure action, Case No. 17CV53306, from Linn County Circuit Court and a petition to proceed *in forma pauperis* ("IFP") (doc. 3). On March 19, 2020, plaintiff JP Morgan Chase Bank, NA filed a Motion to Remand (doc. 7) the case to state court or strike notice of removal.

This is the second time defendant has sought to remove the underlying foreclosure action to this Court. In the earlier attempt, Case No. 6:18-cv-01990-AA,

the Court denied defendant's IFP Petition on January 16, 2020, and remanded the action to Linn County Circuit Court on January 21, 2020, because this Court lacks jurisdiction. Doc. 8. Specifically, the Court concluded that removal of this action is barred as untimely.

The Court has carefully reviewed the Notice of Removal and finds that its allegations are virtually identical to those in the notice filed in Case No. 6:18-cv-01990-AA. Given the outcome of the earlier case, the Court has determined that defendant's allegations in support of removal are frivolous. *See* 28 U.S.C. § 1915(e)(2) (providing that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious").

The allegations and parties' arguments on plaintiff's Motion to Remand also demonstrate that the Notice of Removal is procedurally barred as untimely. Notice of removal of a civil action or proceeding shall be filed within 30 days after the defendant receives a copy of the initial pleading or 30 days after service of summons if a pleading is not required to be served on the defendant, whichever is shorter. 28 U.S.C. § 1446(b)(1). If "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The underlying complaint was filed in December 2017 and no other pleadings have been filed in the case, let alone a pleading or other document that could later implicate removal. *See* Doc. 8 Ex. 1. Additionally, as this Court

observed in the Order on defendant's earlier removal attempt. The only possible basis for removal of this case is diversity of citizenship, which is subject to an additional time bar of "1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Nothing in defendant's Notice or Response suggests that the bad faith exception applies here. Therefore, the Court lacks jurisdiction over this case.

Accordingly, defendant's IFP Petition (doc. 3) is DENIED as frivolous, plaintiff's Motion to Remand (doc. 7) is GRANTED, and this case is REMANDED to Linn County Circuit Court.

IT IS SO ORDERED.

Dated this  24th  day of April 2020.

/s/Ann Aiken

Ann Aiken
United States District Judge